The Court,
on the authority of Dingley v. Dingley, held, that Gracia Denney was entitled to one seventh of one fiftieth part of the real estate, and Almira Henshaw to one fiftieth. With respect to the action of Nathaniel P. Denny, they observed, the general principle to be extracted from the cases in the books is, that when the devise is to take effect upon a future event, it shall be considered that the testator had in view all those of the class to which he intended his bounty, who should be capable .of taking when the event happens ; as in Cowp. 309. Here the testator gives his estate to his wife during life, then to the children of his brothers and sisters, or, as in the codicil, to his nephews and nieces. Of the personal estate thus bequeathed, all the nephews and nieces, who were alive at the time of the death of her who had the life interest, must take in equal shares. There being forty-one thus entitled, the plaintiff must recover one forty-first part of the sum in the hands of the trustee.
The trustee, having paid over the income, during the life of the widow, without any deduction, now prayed leave to retain a certain sum for his services for the whole time that the property has been in his hands. The Court allowed him a compensation only for the time since ihe widow’s decease, and his expenses in attending to this suit